IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

ROCK CUSTOM HOMES, INC.

    Plaintiff/Petitioner,

v.                                                 CASE NO.:

AMERICAN ZURICH
INSURANCE COMPANY

    Defendant/Respondent.
_____/

## COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT

Plaintiff, ROCK CUSTOM HOMES, INC., ("Plaintiff" and/or "Insured"), by and through undersigned counsel, hereby sues the Defendant, AMERICAN ZURICH INSURANCE COMPANY, ("Zurich" or "Insurer"), and as grounds therefore states:

### GENERAL ALLEGATIONS

1. This Complaint centers upon an ongoing insurance coverage dispute between the Parties concerning the entitlement to monetary damages and insurance proceeds that exceeds $15,000.00, exclusive of attorneys' fees, interests and costs.

2. This action has been brought in the proper venue, as it concerns a dispute between the Parties on matters arising out of, accruing in, culminating in, and/or situated in Collier County, Florida.

3. Plaintiff, ROCK CUSTOM HOMES, INC., is a Florida for profit corporation that is authorized to conduct business in the State of Florida and is conducting business in Florida.

4. At all material times hereto, including those events giving rise to this action, AMERICAN ZURICH INSURANCE COMPANY, has been a foreign for profit corporation

authorized to conduct the business of selling and providing insurance coverage within the State of Florida, including Collier County, Florida. Accordingly, the Insurer is properly subject to this Court's jurisdiction.

5. On or about September 10, 2017, Hurricane Irma passed through Collier County, Florida, causing damage to the property located at 1100 Sandpiper St., Naples, FL 34102.

6. At all times material hereto, there was in effect a Builders Risk Coverage Policy issued by American Zurich Insurance Company to Rock Custom Homes, Inc., for new construction at 1100 Sandpiper St., Naples, FL 34102, with Policy No. ER08844948 and effective dates of January 19, 2017 to January 19, 2018, (hereinafter the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

7. The Policy affords coverage for direct physical loss to Covered Property caused by hurricane or windstorm, subject to the terms and conditions set forth therein.

8. Subsequent to September 10, 2017, the Insured presented a claim to Zurich for those damages caused by and resulting from the physical losses to the Insured Premises under the Policy.

9. Subsequent to the Insured's presentation of these claims, the Insurer issued a full denial of coverage for all loss and damage to the insured property. A copy of the denial letter is attached hereto as Exhibit B and incorporated herein by reference.

10. Prior to the institution of this action, the Plaintiff performed and/or otherwise satisfied all of those matters and things required of them to prosecute this action, including the satisfaction of all contractual and/or statutory conditions precedent and/or subsequent thereto, or, alternatively, have been excused from the performance of the same by virtue of the Defendant's conduct.

11. Alternatively, and to the extent that the Plaintiff otherwise failed to satisfy or comply with any requisite condition precedent and/or subsequent, the Defendant Insurer has not been substantially prejudiced by any such failure.

12. Alternatively, the Defendant waived compliance with any such condition(s) and/or is otherwise estopped from asserting any defenses relative thereto.

13. Given the Defendant's denial of those coverage benefits due and owing under the Policy and its failure to tender insurance benefits due under the Policy, the Plaintiff has appropriately incurred and become obligated to pay reasonable attorneys' fees and costs in petitioning this Court for relief. Therefore, to the extent permitted under Florida law, the Plaintiff is entitled to an award of those reasonable attorneys' fees, legal assistant fees and costs incurred in the prosecution of this action, as authorized by §627.428, §57.104, and §57.041 Fla. Stat.

## COUNT I
## PETITION FOR DECLARATORY RELIEF

14. The Plaintiff realleges and incorporates herein by reference Paragraph Nos. 1 through 13, above.

15. This is an action for declaratory relief pursuant to §86.011 et seq. Fla. Stat; specifically, the Insured's request for this Court's declaration of the parties' rights, duties and responsibilities under the Policy with respect to the insured loss and insurance claim.

16. There exists an ongoing and justiciable dispute between the Plaintiff and Defendant with respect to the type/extent of coverages and/or coverage benefits due the Plaintiff under the Policy given the particular facts and circumstances of the loss.

17. In accordance with Chapter 86 of the Florida Statutes, the Plaintiff avers that it has genuine concerns and questions about its rights and Defendant's duties under the Policy; thus, Plaintiff is seeking from this Court a judicial declaration of those rights, duties and responsibilities.

18. There exists a present, ascertained set of facts, and/or a present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the Policy.

19. Both the Plaintiff and Defendant have actual and adversarial interests in the Policy and the subject insurance claim before this Court.

20. The Insured seeks this Court's declaration that those damages at issue in the Insurance Claim constitute a covered loss or covered losses under the Policy.

21. Because the Policy was issued and delivered in Florida, it is subject to the terms of §627.428 Fla. Stat., which mandates an award of attorneys' fees in favor of a prevailing insured(s).

22. Because the Policy was issued and delivered in Florida, it is subject to the terms of §57.104 and §57.041 Fla. Stat., which allows for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured(s).

23. In invoking this Court's jurisdiction pursuant to Chapter 86 Fla. Stat., the Plaintiff specifically request that this Court retain jurisdiction for the purpose of awarding any and all appropriate supplemental relief authorized by §86.061 Fla. Stat., including, without limitation, all claims for consequential damages and other relief authorized under Florida law.

24. All parties having any interest in, and/or otherwise adversely affected by, the Plaintiff's petition for declaratory relief are joined in this action.

WHEREFORE, the Plaintiff, ROCK CUSTOM HOMES, INC., respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including, without limitation, specific declarations:

    a. Finding that this Court has jurisdiction over the respective parties;

    b. Finding that this Court has jurisdiction over the subject matter;

c. Finding that the Policy between Plaintiff and Defendant was in full force and effect at all times relevant to the loss;

d. Finding that the facts and circumstances giving rise to the Plaintiff's claims constitute a covered loss or covered losses under the Policy;

e. Finding that no exclusions or other limitations of coverage are applicable to the loss;

f. Holding that no conditions of the Policy bar or vitiate coverage in this action;

g. Awarding the Plaintiff those damages caused by and/or resulting from the Insured Loss and/or which are otherwise at issue pursuant to Plaintiff's insurance claim, in accordance with the terms and provisions of the Policy;

h. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to the Plaintiff;

i. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to the Plaintiff;

j. Adjudicating the Plaintiff's entitlement to an award of those reasonable attorneys' fees, legal assistant fees and costs incurred in the prosecution of this action for declaratory relief, as authorized by §627.428, §57.104 and §57.041 Fla. Stat.;

k. This Court's retention of its jurisdiction for supplemental proceedings pursuant to §86.061, Fla. Stat.; and

l. Adjudicating such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

30. The Plaintiff realleges and incorporates herein by reference Paragraph Nos. 1 through 13, above.

31. This is an action for damages resulting from Defendant's breach of the Policy.

32. The Policy is a binding contract between the Parties pursuant to which Defendant had an obligation to make policy benefits to Plaintiff for covered losses.

33. Plaintiff sustained a covered loss under the Policy and made a timely claim to Defendant for payment of policy benefits as a result of the loss.

34. Rather than honor and pay to the Plaintiff those benefits due under the Policy's available coverages for those damages caused by and/or arising from Hurricane Irma, Defendant unilaterally and wrongfully breached the Policy by denying Plaintiff's claim and/or otherwise failing to extend those insurance benefits due under the Policy.

35. As a result of Defendant's breach of the Policy, the Insured has been monetarily damaged and/or has otherwise experienced damages including loss of benefits under the policy and consequential damages.

35. As a result of Defendant's actions, the Plaintiff has appropriately incurred and become obligated to pay attorneys' fees and costs in prosecuting this claim for insurance coverage, including the relief requested herein. Plaintiff is entitled to have Defendant reimburse said fees and costs pursuant to §627.428 Fla. Stat.

WHEREFORE, the Plaintiff, ROCK CUSTOM HOMES, INC., requests the entry of a Final Judgment against AMERICAN ZURICH INSURANCE COMPANY, wherein the Plaintiff is awarded contractual, compensatory, and consequential damages, attorneys' fees, costs, prejudgment interest and all other relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 11th day of July, 2019.

BOYLE, LEONARD & ANDERSON, P.A.

/s/ Alicia M. Lopez
_____

Alicia M. Lopez, Esq.
Florida Bar No. 161160
Gregory L. Evans, Esq.
Florida Bar No. 0767824
2050 McGregor Boulevard
Fort Myers, FL 33901
Phone: 239.337.1303
Facsimile: 239.337.7674
eservice@insurance-counsel.com
alopez@insurance-counsel.com
gevans@insurance-counsel.com
Attorneys for Plaintiff