UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROCK CUSTOM HOMES, INC.,

      Plaintiff,

v.                              CASE NO.: 2:19-cv-607-FtM-38NPM

AMERICAN ZURICH
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Rock Custom Homes, Inc., by and through its under counsel and pursuant to the Federal Rules of Civil Procedure, hereby responds in opposition to Defendant's Motion to Dismiss as follows:

### I.    INTRODUCTION

This case arises from a claim for damage to the insured property resulting from a claim made by Rock Custom Homes, Inc. to its insurer for damages caused by Hurricane Irma. Plaintiff provided documentation of the loss and access to the property for inspection of the damages and otherwise cooperated fully with Defendant's investigation. Defendant, American Zurich Insurance Company, denied the claim. Accordingly, Plaintiffs had no choice but to file suit for declaratory judgment and breach of contract. Defendant seeks to dismiss both counts contained in Plaintiffs' Complaint.

### II.    LEGAL STANDARD ON MOTION TO DISMISS

"In deciding a motion to dismiss, a federal court sitting in diversity must look to the liberal pleading standards of the Federal Rules of Civil Procedure …" Iglesia Cristiana El Buen Samaritano, Inc. v. Guardian Services, LLC, No. 11-21888, 2011 WL 5854640 (S.D. Fla. Nov. 21

2011) <u>citing Caster v. Hennessey</u>, 781 F.2d 1569, 1570 (11th Cir. 1986). The sufficiency of declaratory judgment actions brought under Fla. Stat. §86.011 are determined based on Florida law. <u>See Garnett v. First Liberty Insurance Corporation</u>, 2014 WL 12616989, *2 (M.D. Fla. July 22, 2014); <u>Demeza v. Hartford Ins. Co. of Midwest</u>, 2012 WL 163818 (M.D. Fla. Jan. 19, 2012).

**All of the appellate courts of Florida have recognized the rule that test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.** Fla. Stat. §86.011 and <u>Hankins</u>, 169 So. 2d 526 (internal citations omitted). With respect to actions for declaratory relief, a motion to dismiss a petition for declaratory judgment goes only to the entitlement to the judgment, not the merits of the case. <u>Keen v. Florida Sheriffs' Self-Ins. Fund</u>, 854 So. 2d 844 (Fla. 4th DCA 2003). "[A] complaint seeking declaratory relief "should not be dismissed if the plaintiff established the existence of a justiciable controversy cognizable under the Declaratory Judgment Act. . . .The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." <u>Murphy v. Bay Colony Prop. Owners Ass'n</u>, 12 So. 3d 924 (Fla. 2d DCA 2009). Thus, to activate jurisdiction, a party seeking a declaration **must only show** that he is in doubt as to the existence or non-existence of some right, status, immunity, power, or privilege, and that he is entitled to have such doubt removed. <u>"X" Corporation v. "Y" Person</u>, 622 So. 2d 1098 (Fla. 2d DCA 1993) (emphasis added); <u>see also</u> <u>May v. Holley</u>, 59 So. 2d 636 (Fla. 1952).

Declaratory judgments are governed by Chapter 86 of Florida Statutes. The relevant portions of Chapter 86 are set forth below:

§86.011

The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.  No action or procedure is open to objection on the ground that a declaratory judgment is demanded.  The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment.   The court may render declaratory judgments on the existence, or nonexistence:

(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgement may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.

§86.021

Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

§86.051

The enumeration in ss. 86.021, 86.031 and 86.041 does not limit or restrict the exercise of the general power conferred in s. 86.011 in any action where declaratory relief is sought. …

§86.061

Further relief based on a declaratory judgment may be granted when necessary or proper. …

§86.111

The existence of another adequate remedy does not preclude a judgment for declaratory relief. …

The use of declaratory judgments should be extended, their scope kept wide and liberal, and their boundaries elastic.  Bell v. Associated Indep., Inc., 143 So. 2d 904 (Fla. 2d DCA 1962).

It has also been stated "the purpose of a declaratory judgment is to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." Santa Rosa County v. Administration Comm'n, 661 So. 2d 1190, 1192 (Fla. 1995).  The Supreme Court has recently reaffirmed the breadth of the declaratory judgment vehicle in Olive v. Maas, 811 So.2d 644 (Fla. 2002).  Questions of fact may be determined in declaratory proceedings if necessary for the construction of legal rights.  Id.

### III.   ARGUMENT

First, Defendant argues that Plaintiff's count for Declaratory Relief should be dismissed for failure to state a cause of action on the grounds that, it lacks specificity and Plaintiff fails to allege that any part of the policy is ambiguous or cite to any specific policy provision requiring judicial interpretation. The Motion to Dismiss further alleges that Plaintiff is seeking a purely factual determination and improperly seeking an advisory opinion from the Court.

The Motion to Dismiss cites to the language of §86.021 in support of the idea that Plaintiff must allege that a specific provision in the policy is ambiguous or requires judicial interpretation in order to state a cause of action under Chapter 86. In support of this argument, Defendant cites to the case of State Farm Mut. Auto. Ins. Co. v. Wallace, 209 So. 2d 719 (Fla. 2nd DCA 1968) which in turn cites to Johnson v. Atl. Nat'l Ins. Co., 155 So. 2d 886 (Fla. 3rd DCA 1963). The statement cited to by Defendant from the Wallace case is dicta, and pertains to a determination of liability under an automobile accident policy. Moreover, the Wallace case cites only to the Johnson case in support of this statement. The Johnson case was decided on the fact that the complaint "alleges facts precedent to a claimed injunction to prohibit appellant, Johnson, from proceeding with the lawsuit," (Johnson, 155 So. 2d at 889) which should have caused the dismissal of the

lawsuit. Thus, neither case was dismissed for failure to allege a question of either construction or validity.

Moreover, the Supreme Court in <u>Higgins v. State Farm Fire and Cas. Co.</u>, 894 So. 2d 5 (Fla. 2004), acknowledged "a more recent trend in case law in the direction of more freely allowing declaratory judgment suits as a vehicle for resolving fact issues deciding the existence of insurance coverage," (<u>Higgins</u>, 894 So. 2d at 8,) thus extending Chapter 86 to include actions in which the application of the language of an insurance policy to factual circumstances, rather than the language of an insurance policy itself, was in question," <u>Id</u>. Plaintiff alleges that there exists an ongoing and justiciable dispute between the Plaintiff and the Defendant with respect to the type/extent of coverages and/or coverage benefits due the Plaintiffs under the policy given the particular facts and circumstances of the Insurance Claim, thus complying with the pleading requirements of section 86.011.

The Court in <u>Higgins</u>, held that, "We believe that declaratory judgments are and can increasingly be a valuable procedure for the resolution of insurance coverage disputes to the benefit of insurers, insureds, and claimants." <u>Id</u> at 10.

In its Motion, Defendant relies solely on section 86.021 for the proposition that in insurance disputes, the application of Chapter 86 is limited to cases in which the construction or validity of the contract is in question. However, the Supreme Court's holding in <u>Higgins</u> is in direct contradiction to that argument, stating, "Although section 86.021 … grants to the courts the power to determine any question of 'construction or validity' arising under a contract, section 86.051 states that the enumeration of powers in section 86.021 'does not limit or restrict the exercise of the general powers conferred in section 86.011.'" <u>Id</u>. at 12.Thus, the Court held that prior case law limiting the application of Chapter 86 in insurance disputes to questions of construction or validity

of the contract "was too limiting of the scope of section 86.021 when read with this other section of the statues." Id. Thus, Plaintiffs have alleged a cause of action under section 86.011 which is not limited by section 86.021.

Defendant mistakenly contends that Plaintiff fails show entitlement to a declaration. Defendant requests this Court dismiss the declaratory judgment count because Plaintiff did not cite to any specific provision of the policy in need of interpretation. This argument fails because the Florida Supreme Court has held "that the declaratory judgment statutes can be used to decide disputes in respect to insurance policy indemnity coverage and defense obligations in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action…." Higgins, 894 So. 2d at 15. Thus, "[post-Higgins] a Florida declaratory action may proceed even on an unambiguous contract." 2032 Land Trust East Coast Prop. Liquidation Corp. v. Lexington Ins. Co., 2016 WL 8793510, *1 (S.D. Fla. June 7, 2016). (citing Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC, 2011 WL 3843931, *2 (S.D. Fla. Aug. 26, 2011); Powers v. Hartford Ins. Co. of the Midwest, 2010 WL 288759, *3 (M.D. Fla. July 22, 2010)).   The reasoning in Higgins has been extended to first party disputes. "Courts allow Florida declaratory judgment actions in the context of first party insurance coverage disputes." 2032 Land Trust, 2016 WL 8793510 at *1. Under Higgins then, Plaintiff is entitled to a declaratory judgment in this first party case. Therefore, Defendant's motion to dismiss the declaratory judgment count of the Complaint should be denied.

Defendant further argues that because Plaintiff seeks, among other things, a declaration that "no exclusions or other limitations of coverage are applicable to the loss," it is improperly seeking an advisory opinion from the court as to how to find additional coverages under the policy. This assertion is supported only by the case of Kelner v. Woody, 399 So. 2d 35 (Fla. 3rd DCA

1981). However, that case stands for the general proposition that the declaratory judgment statute cannot be used to obtain an advisory opinion from the court. It does not, however, stand for or even address Defendant's argument that seeking a declaration as to the existence of exclusions or limitations under the policy amounts to seeking an advisory opinion from the court. On the contrary, the existence of an exclusion or limitation under the policy is a question related to coverage. Again, the Supreme Court has explicitly stated that coverage issues are appropriate for determination under Chapter 86. Higgins v. State Farm Fire and Cas. Co., 894 So. 2d at 10. Thus, the request in Plaintiff's Complaint for a declaration that there are no exclusions or limitations to coverage is an appropriate issue for declaratory relief under Chapter 86, and is not an attempt to obtain an advisory opinion from this Court.

Lastly, with respect to Plaitniff's breach of contract claim, Defendant argues that the complaint for breach fails to state a cause of action. Plaintiff's complaint, including the count for breach, complies with the pleading requirements of Fed. R. Civ. P. (8)(a)(2). Additionally, the elements required to sufficiently state a cause of action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006). Plaintiff's complaint unmistakably checks all three boxes in alleging every element required to state a cause of action for breach of contract. Any contention by Defendant that breach of an insurance contract should be required to allege more than the elements annunciated in Rollins, Inc. is simply without sound legal basis.

The three Florida federal court cases cited by Defendant in support of its position all involved declaratory judgment actions brought under the Federal Declaratory Judgment Act rather than the Florida Declaratory Judgment statutes. Further, Fla. Stat. §86.111, plainly and explicitly

states that, "the existence of another adequate remedy does not preclude a judgment for declaratory relief. …"

In conclusion, for the foregoing reasons Defendant's Motion to Dismiss should be denied in its entirety and BANKERS should be required to answer the Complaint.

**WHEREFORE**, the Plaintiff, ROCK CUSTOM HOMES, INC., respectfully requests this Honorable Court to deny Defendant's, AMERICAN ZURICH INSURANCE COMPANY, Motion to Dismiss Plaintiff's Complaint in total, however, to the extent this Court is inclined to grant the Motion to Dismiss that it do so without prejudice and granting Plaintiff leave to amend its Complaint, and any other relief this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 6, 2019, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties of record.

/s/ Alicia M. Lopez

_____
Alicia M. Lopez, Esq.
Florida Bar No. 161160
Gregory L. Evans, Esq.
Florida Bar No. 0767824
**BOYLE, LEONARD & ANDERSON P.A.**
2050 McGregor Boulevard
Fort Myers, Florida  33901
Phone: 239.337.1303
Facsimile: 239.337.7674
eservice@insurance-counsel.com
alopez@insurance-counsel.com
gevans@insurance-counsel.com
Attorneys for Plaintiff