UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROCK CUSTOM HOMES, INC.,

    Plaintiff,

v.                                     Case No.: 2:19-cv-607-FtM-38NPM

AMERICAN ZURICH INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant American Zurich Insurance Company's Motion to Dismiss (Doc. 4) and Plaintiff Rock Custom Homes, Inc.'s response in opposition (Doc. 13). For these reasons, the Court denies the Motion (Doc. 4).

## **BACKGROUND**[2]

This is a Hurricane Irma insurance dispute. (Doc. 3). At the time of the storm, an American Zurich insurance policy (the "Policy") covered Rock Custom.[3] (Doc. 3 at 2). Rock Custom suffered property damage, but American Zurich denied Rock Custom's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] These are the facts pled in the Complaint (Doc. 3), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

[3] The Policy is not in the docket. Although it was attached to the Complaint as an exhibit (Doc. 3 at 2), the copy of the Complaint here includes no exhibits.

insurance claim. (Doc. 3 at 2). So Rock Custom filed this two-count Complaint in state court. The Complaint seeks a declaration of rights and obligations under the Florida Declaratory Judgment Act (Count 1) and breach of contract (Count 2). (Doc. 3 at 3-6). American Zurich removed here. (Doc. 1).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. So the pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## DISCUSSION

The Motion only seeks dismissal of Count 1. (Doc. 4 at 5-7). American Zurich moves to dismiss on two grounds: failure to state a claim and Count 1 is duplicative of Count 2.

### A. Failure to State a Claim

First, American Zurich argues the Complaint fails to state a claim under Florida law. (Doc. 4 at 3-5). Rock Custom contends this is a proper declaratory judgment action

2

under state law. (Doc. 13). While neither party is correct, the Complaint is enough to withstand this Motion.

"As a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) (citation omitted). "Florida's Declaratory Judgment Act, found in Chapter 86 of the Florida Statutes, is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins.*, 648 F. App'x 876, 880-81 (11th Cir. 2016) ("[T]he Florida Declaratory Judgment Act is procedural as opposed to substantive."). Because the state law is procedural, federal law governs here. *E.g.*, *Costa Regency, L.L.C. v. HSBC Card Servs., Inc.*, No. 8:19-cv-1362-T-33JSS, 2019 WL 2567926, at *3 (M.D. Fla. June 21, 2019) ("Although the Complaint seeks a declaration under Section 86.011, Florida Statutes, the case has been removed to federal court, and so, the federal Declaratory Judgement Act, 28 U.S.C. § 2201, governs."). So the Court will construe Count 1 as seeking relief under the federal Declaratory Judgment Act. *E.g.*, *CJS Inv'rs, LLC v. Berke*, No. 6:18-cv-374-Orl-31DCI, 2018 WL 6589713, at *3 (M.D. Fla. Dec. 14, 2018) ("Accordingly, the Court will construe Count II as though [plaintiff] sought relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than Florida's.").

Neither party makes argument related to the federal Declaratory Judgment Act, instead focusing on the inapplicable state law. For that reason alone, the Motion could be dismissed. *Wilmington Sav. Fund Soc'y, FSB v. Bus. Law Grp., P.A.*, No. 8:15-cv-2831-T-36TGW, 2016 WL 11491321, at *4-5 (M.D. Fla. Sept. 30, 2016) ("Because

Defendants have made no argument that the claim should be dismissed under this [federal] Act, at this juncture, the Court will deny Defendants' motion to dismiss."). But even looking at the correct law, the Complaint appears sufficient.

An "actual controversy" between the parties is necessary to maintain a declaratory judgment action. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015). So courts must decide "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). A controversy is not enough if it is unripe, moot, or purely advisory. *Blitz*, 151 F. Supp. 3d at 1302. The power to make declaratory judgments is discretionary. *Id.* at 1303. And claims should proceed "if declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (internal quotation marks and citation omitted).

Here, Count 1 presents a substantial controversy for the Court to resolve. Rock Custom alleges an adverse legal relationship along with a live dispute over obligations under the Policy. This is not a hypothetical disagreement. Policy coverage is unresolved. So there is a fight over whether American Zurich must provide coverage for substantial damages to Rock Custom's property. Thus, the Complaint alleges an actual controversy to survive this Motion. *See Frank v. Rockhill Ins.*, No. 2:18-cv-162-FtM-99CM, 2018 WL 5619325, at *2-3 (M.D. Fla. Oct. 30, 2018).

**B. Duplicative Counts**

And second, American Zurich argues Count 1 (declaratory judgment) should be dismissed because it duplicates Count 2 (breach of contract). (Doc. 4 at 5-6). Rock Custom says no. Ultimately, the Court agrees with Rock Custom.

Courts in the Middle District often refuse to dismiss for duplicity:

> [M]otions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid.

*Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014); *see also Wells Pharmacy Network, LLC v. Regulatory Compliance Assocs. Inc.*, No. 5:16-cv-319-Oc-37PRL, 2016 WL 6106746, at *7 & n.11 (M.D. Fla. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6083858 (Oct. 18, 2016) (collecting cases); *Feldkamp v. Long Bay Partners, LLC*, No. 2:09-cv-253-FtM-29SPC, 2010 WL 3610452, at *4-5 (M.D. Fla. Sept. 14, 2010). This applies to cases with duplicative declaratory judgment and breach of contract claims. *E.g.*, *Boumazzoughe v. Roudebush*, No. 6:15-cv-798-Orl-40TBS, 2015 WL 5821519, at *3-5 (M.D. Fla. Oct. 1, 2015); *Wells Pharmacy*, 2016 WL 6106746, at *7.

American Zurich identifies several Southern District cases that dismissed a duplicative declaratory judgment claim. *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) ("[A] court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings."). But there is a split of authority on this issue between the Middle and Southern Districts. *See Se. Distribs., Inc. v. United Specialty Ins.*, No. 16-24549-CIV-GRAHAM/SIMONTON,

2017 WL 960300, at *6 & n.4 (S.D. Fla. Mar. 13, 2017). Being in the Middle District, this Court applies the hometown precedent and rejects American Zurich's argument.

Even if the Court bucked that majority trend and followed the Southern District, American Zurich fails to meet that standard. Across Alligator Alley, courts dismiss duplicative declaratory judgment claims if the plaintiff "will be able to secure full, adequate and complete relief through the breach of contract claim." *Ministerio Evangelistico Int'l v. United Specialty Ins.*, No. 16-25313-CIV-MORENO, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017) (citation omitted). But American Zurich does not address the adequacy of the relief sought in Count 2. Further, Count 2 may not resolve all the matters addressed by Count 1. And American Zurich's conclusory statement that Count 2 will resolve "the core issues" does little to convince the Court otherwise. (Doc. 4 at 6). Finally, dismissal is discretionary, and the Court will not exercise that discretion. *See Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309-10 (S.D. Fla. 2010).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 4) is **DENIED**.

2. Defendant must **FILE** a response to the Complaint by **October 1, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of September, 2019.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record